UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LEVI STOKES, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:22-cv-00202-JAW |
| | ) | |
| MVCF CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION TO DISMISS
BASED ON PLAINTIFF'S FAILURE TO PROSECUTE**

On July 5, 2022, Plaintiff filed a complaint, and he subsequently filed an Application to Proceed Without Prepayment of Fees or Costs. (Complaint, ECF No. 1, Motion, ECF No. 4.)  The Court granted the motion on July 25, 2022. (Order, ECF No. 5.)   In its order, the Court directed Plaintiff to notify the Court no later than August 15, 2022, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him.  Through the order, the Court informed Plaintiff that a failure to comply with the order could result in the dismissal of the complaint.

Because Plaintiff failed to file a notice of intent, on August 24, 2022, the Court issued an Order to Show Cause.  (Order, ECF No. 6.)  In the Show Cause Order, the Court established September 7, 2022, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action.  The Court advised Plaintiff that if he failed to show cause, his complaint could be dismissed.  Plaintiff has not filed a response to the Show Cause Order

and has not otherwise communicated with the Court. Given Plaintiff's failure to show cause, I recommend the Court dismiss the matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's July 25, 2022, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed, and (b) failed to show cause in accordance with the Court's Order to Show Cause. Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim. Dismissal, therefore, is warranted.[1]

---

[1] The docket reflects that the order to show cause sent to Plaintiff by regular mail to the Maine State Prison address that Plaintiff provided was returned to the court as undeliverable, "Return to Sender, No Such Person at Maine State Prison, Unable to Forward." (ECF No. 7.) Plaintiff's failure to keep the court apprised of his current address does not prevent dismissal. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2022.